240 P.2d 183

**In re WEIN.**

**No. 5235.**

Supreme Court of Arizona.

Jan. 29, 1952.

Gerald Jones, A. Y. Holesapple and Harold C. Warnock, all of Tucson, for State Bar of Arizona.

Mark Wilmer, of Phoenix, for respondent.

UDALL, Chief Justice.

Raymond R. Wein, hereinafter called respondent, an attorney at law regularly admitted to practice before this court, was cited to appear and answer charges of unprofessional conduct before the Local Administrative Committee for District No. 3, sitting at Globe, Arizona.

Originally there were two other respondents who were parties to these proceedings, viz: Frank E. Tippett, former county attorney of Gila county, and Herman Lewkowitz, the senior partner of the law firm of Lewkowitz and Wein. Mr. Tippett was later indicted for income tax evasions partially arising out of the incident here under review. He entered a plea of "nolo contendere" and was sentenced in the United States District Court. A certified copy of this record having been transmitted to this court he was disbarred under the mandatory provisions of section 32–202, A.C.A.1939. Mr. Lewkowitz who was then suffering with a progressively incurable disease has, after a lingering illness, recently passed away.

Specifically the three respondents were charged with violating canons of ethics numbers 32, 34, and 38 which deal with corrupting a public officer, division of fees and accepting rebates; and of conduct violative of the following sections of the penal code: 43–1702 (bribery of a public officer); 43–1704 (asking or receiving an illegal gratuity or reward); 43–3304 (being a law partner of a prosecutor). Hearings were had before the administrative committee, and considering all of the evidence adduced it unanimously concluded that respondents were guilty of unprofessional and unethical conduct. The committee certified the matter to the board of governors of the State Bar with a recommendation that each of the respondents be disciplined.

There is before us a very voluminous record. Additional testimony was given at the hearing before the board of governors, and on respondents' offer their testimony before the grand jury and the superior court of Gila county, where related matters had been under review, was received. The board of governors with one member absent and one not participating, voted eight to one that the matter be certified to this court for further action with a recommendation that the three respondents be disbarred.

No evidence was taken before this court but there have been hearings and rehearings on the respondents motions to vacate, quash and dismiss. Two opinions have previously been written on the matter, viz: In re Lewkowitz, 69 Ariz. 347, 213 P.2d 690, and In re Lewkowitz, 70 Ariz. 325, 220 P.2d 229. These decisions disposed of all the preliminary law matters by holding the State Bar Act to be constitutional and that respondents had been accorded administrative due process.

These disciplinary proceedings largely rest upon the charges of Mr. Marvin Johnson, at that time a newly admitted attorney at law with free office space with the Lewkowitz-Wein firm. Although not a member of the firm he was paid $50 per month by them for certain specific services. In effect he reported that Lewkowitz had corruptly paid to County Attorney Tippett the sum of $500 for moving the dismissal of the felony cases then pending against one Walter H. White in the superior court

of Gila county. It is conceded that the court, acting in complete reliance upon the motion and representations of the county attorney, did on October 11, 1946, dismiss these cases against White and he was immediately released from custody. Respondents Lewkowitz and Wein had been paid a fee of $1,750 ($250 of which was for expenses) to represent White who was in the county jail at Globe, Arizona, charged with lewd and lascivious acts against four young girls. There were four separate informations, containing in all six counts, that had been filed against defendant White by County Attorney Frank E. Tippett. On the date set for the arraignment, October 11, 1946, attorneys Lewkowitz and Wein drove to Globe, accompanied by Johnson, and the transactions of that day form the basis for these disciplinary proceedings. While all of respondents admit that Tippett was paid by Lewkowitz $500 in cash—$300 on the date the informations were dismissed and the balance some few days later in Phoenix—they all emphatically assert that the money was not paid in connection with the dismissal of said causes but was given to Tippett *after* he had voluntarily moved the dismissal of said cases because of an earlier agreement to share fees with the latter for cases (other than criminal) he might refer to their firm. The ethical impropriety of sharing fees under any circumstances with the county attorney in a criminal case being prosecuted by him is now admitted. We deem it unnecessary to set out further details for in the final analy-

sis the question of fact comes down to one as to which version is to be accepted, that of respondents or of Johnson's. There are circumstances in the way of admissions and evident deviations from the truth in the testimony of each of the attorneys under accusation which, though separately not of transcendent importance, yet together are subject to no reasonable construction other than as confirmatory of the testimony of Johnson and they leave no doubts as to its truth. The evidence seems clear and convincing to the majority of this court as the ultimate triers of fact—as it apparently was to the local administrative committee and the board of governors —that bribery of a public officer was in fact committed.

Respondent, Wein, while denying the bribery and at all times asserting it was merely a fee splitting arrangement, stated that he: " * * * recognizes that the occurrence was improper, regrets the same, and can only explain the same by stating that he gave it no particular thought at the time, but simply carried out the directions of his senior partner. * * * "

Even though it be conceded that this respondent played a minor role (and was morally less culpable than the others) that cannot exculpate him, as his performance was unworthy of a member of the State Bar and as such an officer of this court. He was 36 years of age at the time and had been a member of the bar for eleven years. The evidence is that the matter of paying

the county attorney to corruptly secure the dismissal was discussed in his presence both in Phoenix and Globe, and to the extent of his interest in the partnership he profited from the fee paid by White and it was he who wrote the firm's checks and procured the cash thereon that was ultimately paid to the county attorney.

There can be no temporizing with an offense so serious and destructive of all order and justice as bribery of a public official. One of the highest duties we owe to society is to keep clean the course of justice in the courts, for when this is corrupted there is nothing left to justify the existence of courts or the practice of the legal profession.

It is our considered opinion that such conduct requires the sternest condemnation and respondent should be disbarred from the further practice of law in this state, and such is the order of the court.

LA PRADE, J., and KELLY and JOHNSON, Judges, Superior Court, concur.

Justices PHELPS and DE CONCINI disqualify and Superior Court Judges HENRY C. KELLY of Yuma County and J. MERCER JOHNSON of Pima County were called to sit in their stead.

STANFORD, Justice (dissenting).

I am dissenting because I think a reprimand is all the punishment that should be given. Also, Raymond R. Wein has been practicing law for over five years since this trouble first occurred and his conduct has been exemplary.