745 P.2d 192

**Charles Wayne ALLEN, Petitioner/Appellant,**

v.

**Honorable Emojean GIRARD, Justice of the Peace, Pima County Justice Court, Respondent/Appellee,**

**and**

**The STATE of Arizona, a body politic, Real Party in Interest.**

**No. 2 CA–CV 87–0131.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 20, 1987.

Scott MacMillan Baker, Tucson, for petitioner/appellant.

Stephen D. Neely, Pima Co. Atty. by John R. Gustafson, Tucson, for respondent/appellee.

## OPINION

FERNANDEZ, Judge.

Petitioner/appellant Charles Allen appeals from the denial of his petition for special action which sought dismissal of two traffic citations, one for driving under the influence and one for driving with a blood alcohol content greater than .10 per cent. Because the violations occurred on private property, Allen contends the arresting officers lacked jurisdiction to issue the citations. We affirm.

On May 2, 1986, at 1:40 a.m., Allen was stopped by two Oro Valley police officers who had observed him driving on the wrong side of the road in La Reserve, an Estes Company subdivision development project. It is undisputed that La Reserve was private property at the time, although

it was not appellant's property. He moved to dismiss the resulting traffic citation in justice court, and when that motion was denied, he filed a special action petition in superior court.

**INTERPRETATION OF A.R.S. § 28–692**

Allen contends that the court lacks jurisdiction because A.R.S. § 28–692 is restricted by § 28–104 to offenses that occur on a public highway or roadway. The pertinent provisions of § 28–692 read as follows:

A. It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

B. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 per cent or more by weight of alcohol in the person's blood.

In order to determine the meaning of the phrase "within this state," Allen argues that one must first look to § 28–621 and then to § 28–104. Section 28–621 states as follows:

The provisions of this chapter [which include § 28–692] relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

1. Where a different place is specifically referred to in a given section.

2. The provisions of articles 4 and 5 of this chapter shall apply upon highways and elsewhere throughout the state.

Section 28–692 is part of Article 5. Section 28–104 refers to the department of transportation, which is created by § 28–103, and reads, in pertinent part, as follows:

A. The exclusive control and jurisdiction over state highways, state routes, state airports and all state owned transportation systems or modes is vested in the department of transportation.

We are unable to follow the logic suggested by appellant with regard to the applicability of § 28–104. The department of transportation was established to "provide for an integrated and balanced state transportation system." A.R.S. § 28–103. Under § 28–104, the department is charged with enforcing motor vehicle statutes. The motor vehicle statutes, however, are those pertaining to registration of vehicles and the licensing of drivers. Enforcement of the DUI statute, on the other hand, is the duty of police officers pursuant to the following definition in § 28–602(12): "an officer authorized to direct or regulate traffic or make arrests for violations of traffic regulations."

Therefore, in determining whether an officer has jurisdiction to arrest for a violation of § 28–692 on private property, we need only look to the language of §§ 28–692 and 28–621. Under § 28–692, it is unlawful for a person to drive "any vehicle within this state" while under the influence of alcohol. Under § 28–621, the provisions of § 28–692 apply "throughout the state." There is nothing in the language of either statute, when read according to its common, everyday meaning, which restricts jurisdiction in a DUI case to a public highway. See *State v. Wise*, 137 Ariz. 468, 671 P.2d 909 (1983); *State v. Carter*, 123 Ariz. 524, 601 P.2d 287 (1979); A.R.S. § 1–213.

**CONSTITUTIONALITY OF § 28–692**

Allen next contends that application of § 28–692 to private property is unconstitutional because it violates article 4, part 2, section 13 of the Arizona Constitution. That section reads as follows:

Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title.

Because the title of the chapter of which § 28–692 is a part reads "Uniform Act Regulating Traffic on Highways," Allen contends the chapter cannot also embrace the regulation of traffic on private property.

We note initially that only the DUI, negligent homicide and reckless driving statutes and those pertaining to vehicular accidents apply "throughout the state." All other traffic regulations in Chapter 6 of Title 28 apply to the operation of vehicles only on highways unless a different place is specifically referred to in a particular section. The constitutional provision does not require that the title of an act be a complete index of all subjects covered in the act. *White v. Kaibab Road Improvement District*, 113 Ariz. 209, 550 P.2d 80 (1976); *State v. Harold*, 74 Ariz. 210, 246 P.2d 178 (1952); *Shaw v. State*, 8 Ariz.App. 447, 447 P.2d 262 (1968). A statute will be upheld as constitutional so long as the challenged provision "directly or indirectly relates to the subject of the title and ha[s] a natural connection therewith." *State v. Harold*, 74 Ariz. at 214, 246 P.2d at 180. We find that the regulation of persons who are driving while intoxicated on private property indirectly relates to and bears a natural connection with the regulation of such persons on public highways, particularly since the facts of this case show that the offense occurred on a large subdivision project under construction.

We also find that the constitutional provision refers only to titles of acts enacted by the legislature and not to titles of sections or articles in the code.

The purpose of constitutional provisions such as ours, adopted in most states of the Union, is to prevent surprise and the evils of omnibus bills and surreptitious and hodge-podge legislation that were frequent in legislation prior to their adoption. [Citation omitted.] The question of the sufficiency of title: ' * * * is not one of intent on the part of the lawmakers in phrasing the title, but of its significance and meaning to those who might read it at that stage of its history when it was only a bill going through the process of its enactment into law.'

*In re Lewkowitz*, 69 Ariz. 347, 351, 213 P.2d 690, 693, reversed on other grounds, 70 Ariz. 325, 220 P.2d 229 (1950), quoting *Wilmington Trust Co. v. Highfield*, 34 Del. 394, 400, 153 A. 864, 867 (1931). We do not find the statute unconstitutional.

## COMPELLING STATE INTEREST

Allen's final argument is that the state lacks a compelling interest sufficient for it to exercise control over an individual's private property in applying § 28–692 to other than a public highway. He contends that application of that section to private property somehow portends the police entering a person's home because it is foreseeable that someone inside may consume alcohol and then enter a highway. We are unable to follow Allen's logic, since a prerequisite to the application of the statute is that a person who is intoxicated must also be in actual physical control of a vehicle.

Allen also argues that "[t]he state has by implication recognized the diminishing state interest as one moves away from the actual traffic lanes" of highways, citing cases such as *State v. Zavala*, 136 Ariz. 356, 666 P.2d 456 (1983); *State v. Webb*, 78 Ariz. 8, 274 P.2d 338 (1954) and *State v. Superior Court, County of Greenlee*, 153 Ariz. 119, 735 P.2d 149 (App.1987). In those cases, the issue was whether or not the person arrested was in "actual physical control" of the vehicle and therefore subject to the statute. In none of those cases did the court address the issue of whether § 28–692 constituted a legitimate exercise of the police power.

The state's police power permits it to enact laws "to protect the lives, health, safety, morals and general welfare of society." *State v. Harold*, 74 Ariz. at 215–16, 246 P.2d at 181. If it can be shown that a statute is directed at a legitimate legislative purpose and that the means by which the statute seeks to achieve that purpose are reasonable, then the statute is a proper exercise of the police power. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971). In *State v. Harold*, the Supreme Court indicated that the predecessor to § 28–692, prohibiting "incompetent drivers of motor vehicles, arising from any cause whatsoever, from operating automobiles upon public highways *or elsewhere*," was a legitimate exercise of

the police power. 74 Ariz. at 216, 246 P.2d at 181 (emphasis supplied). The court also stated as dicta in that case: "Even upon private property an intoxicated or reckless driver of an automobile is just as much a menace to himself or to anyone who may be lawfully thereon as he would be to those on a public highway. The only difference is in the degree." 74 Ariz. at 215, 246 P.2d at 181.

We find no error in the trial court's ruling. Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.