961 P.2d 1065

**The STATE of Arizona, Appellee,**

**v.**

**Eric Lee BENTLAGE, Appellant.**

**No. 2 CA–CR 97–0076.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 27, 1998.

Redesignated as Opinion and Publication Ordered Feb. 23, 1998.

Review Denied Sept. 10, 1998.*

---

* Justice Martone voted to grant the petition for review.

Grant Woods, Attorney General by Paul J. McMurdie and Kent E. Cattani, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by Lori J. Lefferts, Tucson, for Appellant.

## OPINION

DRUKE, Chief Judge.

¶1  Appellant Eric Lee Bentlage was convicted of two drug offenses and sentenced to three years' probation.  On appeal, he claims the trial court erred in denying his motion to suppress evidence seized after a traffic stop. We agree and reverse the ruling.

¶2  We review a trial court's decision on a motion to suppress evidence for an abuse of discretion.  *State v. Spears*, 184 Ariz. 277, 908 P.2d 1062, *cert. denied*, —— U.S. ——, 117 S.Ct. 393, 136 L.Ed.2d 308 (1996).  We view the evidence in the light most favorable to sustaining the trial court's ruling.  *Id.*

¶3  Officer Roberts of the Tucson Police Department stopped the vehicle appellant was driving for three alleged traffic violations.  After the stop, the officer learned that the passenger, Lisa Haggard, owned the vehicle.  When Officer Roberts asked if there was "anything in the vehicle that shouldn't be there," Haggard said there was a knife under the driver's seat.  Officer Roberts told appellant and Haggard to exit the vehicle.  He then asked Haggard if she would consent to a search of the vehicle for anything "illegal, narcotics, weapons," and she said, "yes, go ahead."  In the search, the officer found the knife and a small zippered case under the driver's seat.  He unzipped the case, found methamphetamine inside, and arrested appellant.  When other officers searched the rest of the vehicle, they found drug paraphernalia in appellant's tool box.

¶4  A third party may consent to a search only when the third party has " 'common authority over or other sufficient relationship to the ... effects sought to be inspected.' "  *State v. Jones*, 185 Ariz. 471, 480, 917 P.2d 200, 209 (1996), *quoting United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242, 250 (1974).  In *Matlock*, the Supreme Court observed that common authority exists when there is

> mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-[users] has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common [property] to be searched.

*Id.* at 171 n. 7, 94 S.Ct. at 993, n. 7, 39 L.Ed.2d at 250 n. 7.  The focus in determining whether common authority exists is on apparent, rather than actual, authority to consent to a search.  "[I]f it reasonably appeared that a third party had common authority over the premises, then the consent to search would be valid."  *State v. Castaneda*, 150 Ariz. 382, 389, 724 P.2d 1, 8 (1986).

¶5  In this case, Officer Roberts acknowledged that Haggard did not have apparent authority to consent to a search of appellant's zippered case.

> Q  [DEFENSE  COUNSEL]:  You made an assumption that it was [appellant's] bag, correct?

> A  [OFFICER ROBERTS]:  That's correct.

> Q  You didn't go up and ask [appellant] if you could open the bag, correct?

> A  No, I did not.

> Q  You just opened it?

> A  Yes.

> Q  Even though you believed that it belonged to [appellant], correct?

> A  That's correct.

The search of the closed zippered case was thus nonconsensual.

¶6  The trial court relied on *Florida v. Jimeno*, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), in finding that Haggard's

consent "extended to the bag contained in the car." The court's reliance on *Jimeno* is misplaced, even though that case is factually similar to this case. There, like here, the officer stopped the defendant for a traffic violation and asked if he could search the vehicle because he believed the defendant was carrying drugs in it. The defendant consented to the search, stating he had nothing to hide. The officer then located a folded paper bag on the floorboard, opened it, and found cocaine inside. The Supreme Court upheld the search, stating:

> The scope of a search is generally defined by its expressed object.... [The officer] had informed respondent that he believed respondent was carrying narcotics, and that he would be looking for narcotics in the car. We think that it was objectively reasonable for the police to conclude that the general consent to search [the] car included consent to search containers within that car which might bear drugs.

*Id.* at 251, 111 S.Ct. at 1804, 114 L.Ed.2d at 303 (citation omitted). Applying the Court's rationale here, it was reasonable for Officer Roberts to conclude that Haggard had given general consent to search the car, including containers that might have drugs inside. As discussed above, however, Haggard's consent did not extend to containers that Officer Roberts believed belonged to appellant. *Matlock; Jones.*

¶ 7 Appellant also contends the trial court erred in refusing to suppress the drug paraphernalia found in his toolbox. We agree. The only evidence providing probable cause for appellant's arrest was the methamphetamine found in the zippered case. Because we have determined that the case was unlawfully searched, the subsequent arrest based on that search was also unlawful and cannot support a warrantless search of the toolbox incident to that arrest. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *State v. Edwards*, 111 Ariz. 357, 529 P.2d 1174 (1974).

¶ 8 Appellant's convictions and sentences are vacated, and the matter is remanded to the trial court for further proceedings consistent with this decision.

FLÓREZ, P.J., and HOWARD, J., concur.