996 P.2d 1246

The STATE of Arizona, Appellant,

v.

Anthony Reyes VERA, Jr., Appellee.

No. 2 CA–CR 98–0350.

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 21, 1999.

Redesignated as Opinion and
Publication Ordered Nov. 24, 1999.

Review Denied March 9, 2000.*

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and Cynthia A. Ryan, Tucson, Attorneys for Appellant.

Susan A. Kettlewell, Pima County Public Defender By Brian X. Metcalf, Tucson, Attorneys for Appellee.

## OPINION

FLÓREZ, Judge.

¶ 1 A traffic officer stopped the automobile appellee Anthony Vera was driving because it had a cracked windshield. As a result of evidence seized during the stop, appellee was indicted on fourteen felony charges, including unlawful possession of marijuana for sale and unlawful possession of drug paraphernalia, two counts of fraudulent scheme and artifice, six counts of forgery, and four counts of theft. Appellee filed a motion to suppress the evidence on the basis that the stop of the automobile, his detention, and the subsequent search for and seizure of evidence were in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The trial court, relying on *United States v. Millan*, 36 F.3d 886 (9th Cir.1994), agreed and suppressed the evidence. After an unsuccessful motion for reconsideration, the state dismissed the charges against appellee without prejudice

* A panel composed of Chief Justice Zlaket, Justice Martone, and Justice McGregor participated in the determination of this matter.

and appealed to this court. We have jurisdiction pursuant to A.R.S. § 12–120.21.

¶2 On appeal, the state raises but one issue: whether the traffic stop to investigate a possible vehicle equipment violation was constitutional. We conclude that it was and reverse the trial court's order suppressing the evidence seized as a result.

¶3 On appeal from a grant of a motion to suppress, we view the facts in the light most favorable to upholding the trial court. *State v. Bentlage,* 192 Ariz. 117, 961 P.2d 1065 (App.1998). Moreover, here the parties do not dispute the facts as outlined in the trial court's minute entry granting the motion to suppress. As appellee was driving his car on Tucson Boulevard, the officer observed a crack in the windshield and initiated a traffic stop. The crack extended from the driver's side to the passenger's side of the windshield. The officer had not observed any "erratic or unsafe driving," nor did he have a "report of any illegal activity associated with the automobile." Upon approaching appellee's car to ask him for identification, his driver's license, and the registration and proof of insurance for the vehicle, the officer experienced an allergic reaction to marijuana. Upon further investigation, the officer discovered marijuana and other evidence of criminal activity.

¶4 We review de novo the trial court's legal determination of whether the police had a reasonable suspicion based on the totality of the circumstances to justify an investigatory stop. *State v. Omeara,* 297 Ariz. Adv. Rep. 3, —— Ariz. ——, 4 P.3d 383, 1999 WL 398947 (Ct.App.1999).

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.

*Whren v. United States,* 517 U.S. 806, 809–10, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89, 95 (1996) (citations omitted).

¶5 The trial court relied upon *Millan,* which, like this case, involved a police stop of the defendant's car based on a cracked windshield. The Ninth Circuit held that, because the stop was pretextual, the evidence must be suppressed. As the state points out, however, the United States Supreme Court has since decided that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred[,]" and does not violate the Fourth Amendment even if the officers had ulterior motives. *Whren,* 517 U.S. at 810, 116 S.Ct. at 1772, 135 L.Ed.2d at 95. Appellee does not assert that the stop was pretextual, and the trial court acknowledged that the stop was not pretextual. We note that in his answering brief, appellee ignores *Whren* and its impact on *Millan.*

¶6 Appellee makes much of the fact that there is no Arizona statute specifically prohibiting driving an automobile with a cracked windshield. Section 28–957.01(A), A.R.S., however, requires a passenger vehicle to have an "adequate windshield." Whether the windshield on a motorist's automobile is "adequate" is first investigated by a police officer and next determined by a fact finder if the officer issues a traffic citation for an alleged violation of § 28–957.01(A). It is undisputed that appellee's windshield was, in fact, cracked. *Cf. State v. Swanson,* 172 Ariz. 579, 838 P.2d 1340 (App.1992) (defendant conceded improper lane change, which gave officers a valid reason to detain him). The officer thus had a legitimate reason to stop appellee's vehicle to investigate the adequacy of his windshield. In enforcing traffic laws, officers often "detain persons 'under circumstances which would not justify an arrest.'" *State v. Spreitz,* 190 Ariz. 129, 142–43, 945 P.2d 1260, 1273–74 (1997), *quoting State v. Aguirre,* 130 Ariz. 54, 56, 633 P.2d 1047, 1049 (App.1981). Such is the case here. The officer was not required to determine

**344**

the adequacy of the windshield before he stopped appellee's automobile to investigate the obviously cracked windshield.

¶ 7 Appellee argues that A.R.S. § 28–957.01(A) is unduly vague as to what constitutes an inadequate or unsafe windshield and, thus, "encourage(s) arbitrary and unguided enforcement." First, as the Ninth Circuit Court of Appeals has noted since *Millan,* the officer in *Whren* stopped the driver of a car "for failing to give full time and attention to the operation of a vehicle, for failing to give the appropriate signal before turning, and for driving at a speed greater than is reasonable and prudent under the conditions." *United States v. Michael R.,* 90 F.3d 340, 347 (9th Cir.1996). Those statutes, too, required the officer to use his or her discretion in investigating whether an offense had occurred. Second, and more importantly, the issue here is whether an officer can constitutionally stop a vehicle to investigate the adequacy of a cracked windshield under § 28–957.01(A), not whether appellee was convicted under an unconstitutionally vague statute. Thus, we do not address the alleged vagueness of § 28–957.01(A) or appellee's standing to challenge its vagueness.

¶ 8 This case is distinguishable from *State v. Ochoa,* 112 Ariz. 582, 544 P.2d 1097 (1976), upon which appellee relies. *Ochoa* prohibits the detention of vehicles solely to check compliance with driver's license and vehicle registration requirements, both of which are impossible for the officer to determine unless the car is stopped. In contrast, here, the officer observed the apparent violation of an inadequate windshield on appellee's car from a distance. He was then entitled to detain appellee to investigate the circumstances of the apparent violation.

¶ 9 Accordingly, we reverse the trial court's ruling on the motion to suppress and remand for further proceedings.

CONCURRING: JOHN PELANDER, Presiding Judge, and WILLIAM E. DRUKE, Judge.