250 P.3d 234

**STATE of Arizona, Appellant,**

v.

**Stephanie Elizabeth BRITTON, Appellee.**

No. 1 CA–CR 10–0379.

Court of Appeals of Arizona,
Division 1, Department B.

March 31, 2011.

William G. Montgomery, Maricopa County Attorney By Adam M. Susser, Deputy County Attorney, Phoenix, Attorneys for Appellant State of Arizona.

Cameron A. Morgan, Esq. By Cameron A. Morgan, Scottsdale, Attorneys for Appellee Stephanie Elizabeth Britton.

## OPINION

KESSLER, Presiding Judge.

¶ 1 The State appeals from the superior court's ruling excluding evidence gathered by a Mesa police officer ("Officer") on the ground that Officer gathered the evidence after stopping Stephanie Elizabeth Britton ("Defendant") for parking in a disabled space on private property. Because we hold Mesa had authority to enforce the parking regula-

tion in question we reverse the superior court's ruling.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In July 2009, the State filed a complaint charging Defendant with driving under the influence of alcohol while her driving privileges were restricted in violation of Arizona Revised Statutes ("A.R.S.") section 28–1381(A)(1) and (2) (Supp. 2010).[1] Defendant filed a motion to suppress all evidence obtained at the time of her arrest.

¶ 3 The State and the Defendant stipulated to a factual narrative in Defendant's motion to suppress. According to the stipulation, Officer entered the parking lot of a Mesa pharmacy, observed Defendant's vehicle in a marked disabled parking space, and noticed that her vehicle did not display a disabled parking permit. Officer approached Defendant as she began to leave, maneuvering his vehicle to block Defendant's exit from the parking space. Officer approached Defendant and asked her whether she had a disabled permit. When Defendant admitted she did not have a permit, Officer noticed that she had "a flushed face, blank stare[,] and bloodshot watery eyes." Officer arrested Defendant for DUI.

¶ 4 The superior court granted Defendant's motion to suppress, reasoning that the stop was invalid because Officer had no reasonable suspicion that a crime was about to occur and the State had cited no provision of Title 28 of the Arizona Revised Statutes prohibiting improper use of a disabled space in a private parking lot. The State filed a motion for reconsideration, for the first time citing the Mesa ordinance it now relies on to demonstrate that parking in a disabled space in a private parking lot violates the Mesa City Code. The superior court clarified its ruling, holding that while the city could enforce the ordinance, the Officer's observation of a violation of that city ordinance, standing alone, does not create an adequate justification for a stop.

¶ 5 The superior court granted the State's motion to voluntarily dismiss without prejudice. The State filed a timely notice of appeal from the order excluding evidence. This Court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–2101(B) (2003), 12–120.21(A)(1) (2003) and 13–4032(6) (2010).

## ANALYSIS

¶ 6 "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (citing *Delaware v. Prouse,* 440 U.S. 648, 659, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)).[2] While the parties agree that Mesa City Code section 10–3–21(L)(4)[3] regulates use of disabled

1. "We cite the current version of the statute because it has not been materially revised since the events that gave rise to this case." *State v. Lewis,* 226 Ariz. 124, 125 n. 1, ¶ 1, 244 P.3d 561, 562 n.1 (2011).

2. Although this position has not been urged on appeal, we have considered and rejected the superior court's conclusion that an officer violates the Fourth Amendment by stopping a vehicle to enforce a parking ordinance. *See Whren,* 517 U.S. at 817, 116 S.Ct. 1769 (holding "that '[t]he foremost method of enforcing traffic and vehicle safety regulations ... is acting upon observed violations' ") (quoting *Prouse,* 440 U.S. at 659, 99 S.Ct. 1391); *see also State v. Vera,* 196 Ariz. 342, 343–44, ¶ 6, 996 P.2d 1246, 1247–48 (App.1999) (holding that officers may stop vehicles for equipment violations).

3. Mesa City Code § 10–3–21(L)(4) provides: "Parking spaces marked in the manner provided in Title 28, Chapter 3, Article 14, Arizona Revised Statutes, may be designated on privately owned property. The designation of such parking spaces as provided herein shall authorize Police officers and other duly authorized agents to enforce the provisions of this Subsection (K) [sic] and shall constitute a waiver of any objection by the owner or person in possession of such property to the enforcement of this Subsection." Mesa City Code § 10–3–21(L)(2) permits officers to make stops to enforce city parking violations: "If a Police officer, or a duly authorized agent employed by the City, finds a motor vehicle in violation of this Section, such person shall issue a complaint to the operator or other person in charge of the motor vehicle for a civil traffic violation. The court shall impose the minimum civil sanction of fifty dollars ($50.00) plus the penalty assessments prescribed by statute on a person who violates any provision of this Subsection." Although the Mesa City Code was updated February 7, 2011, we cite the current version

parking on private property, they disagree on Mesa's authority to pass and enforce that ordinance.

¶ 7 Defendant contends that a traffic enforcement stop was inappropriate because Title 28 does not authorize a city to regulate disabled parking in privately owned parking lots. The State contends that Mesa had authority to regulate disabled parking in private lots because Mesa's Code provision does not conflict with Title 28 and because certain provisions of Title 28 require cities to provide disabled parking in publicly controlled parking lots.

¶ 8 "The general rule is that municipal corporations, as legislative creations, possess and exercise only such powers expressly granted, those necessarily or fairly implied by or incident to the powers expressly conferred, and those essential to the accomplishment of the corporation's declared objectives and purposes." *Maricopa County v. Maricopa Cnty. Mun. Water Conservation Dist. No. 1,* 171 Ariz. 325, 328, 830 P.2d 846, 849 (App.1991). Cities may "[e]stablish requirements for off-street parking." A.R.S. § 9–462.01(A)(4) (Supp.2010). Because the power has been expressly granted, the city has it. While neither Defendant nor the State has cited this statute, "when we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result." *Maximov v. Maximov,* 220 Ariz. 299, 301 n. 4, ¶ 6, 205 P.3d 1146, 1148 n. 4 (App.2009) (citation and internal quotation marks omitted). Given § 9–462.01(A)(4), we need not address whether Title 28 authorizes cities to enforce parking regulations on private property.[4]

## CONCLUSION

¶ 9 For the foregoing reasons, we reverse the superior court's exclusion of evidence obtained during the traffic stop and remand to the superior court for further proceedings consistent with this decision.

CONCURRING: DIANE M. JOHNSEN, and SHELDON H. WEISBERG, Judges.

---

because this is the version quoted by the State and neither party has asserted that any of the changes are material to the provisions at issue.

4. Defendant relies on *Allen v. Girard* for the proposition that, with the exception of DUI, negligent homicide, and reckless driving, traffic laws may not be enforced outside a public highway. 155 Ariz. 134, 137, 745 P.2d 192, 195 (App.

1987). We disagree. *Allen* notes that, subject to the enumerated exceptions, most traffic laws in Title 28 apply, by their terms, only upon public highways. *Id.* It offers general statutory interpretation for the traffic violations in Title 28, but does not restrict the power of municipalities to legislate or the power of police to enforce presumptively valid city ordinances.