NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH JOHN LEVESQUE, *Appellant*.

Nos. 1 CA-CR 19-0057, 1 CA-CR 19-0058, 1 CA-CR 19-0062
(Consolidated)
FILED 6-23-2020

Appeal from the Superior Court in Maricopa County
Nos. CR2008-031023-001, CR2017-103455-001, CR2009-170668-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz[1] joined.

**W I L L I A M S**, Judge:

¶1        Joseph John Levesque appeals the superior court's denial of his motion to suppress evidence challenging the legality of a traffic stop. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        On January 20, 2017, Officer Hurley was on patrol near the Fiesta Mall in Mesa. At that location on Alma School Road are two left turning lanes into the Fiesta Mall parking lot. Hurley observed a vehicle make a left-hand turn from the outside of the two lanes on Alma School Road and, while in the intersection, cross over into the inside of the two lanes going into the parking lot. Hurley followed the vehicle for a short distance after entering the parking lot, noting additional "swerving," and conducted a traffic stop. Levesque, whose driver's license was suspended, was the driver and sole occupant of the vehicle. A second officer arrived, placed Levesque under arrest for the suspended license and conducted a search incident to arrest. The search revealed drug-related items, including heroin in Levesque's pockets.

¶3        Levesque was ultimately convicted of three felony drug-related offenses, as well as a misdemeanor offense for driving on a suspended license. Before trial, Levesque filed a motion to suppress evidence claiming the traffic stop was illegal. Following an evidentiary hearing, where Levesque represented himself, the court denied the motion. Levesque timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

---

[1] Judge Maria Elena Cruz replaces the Honorable Kenton D. Jones, who was originally assigned to this panel.  Judge Cruz has read the briefs and reviewed the record.

**DISCUSSION**

**¶4** Levesque contends the superior court failed to consider the totality of circumstances leading up to the traffic stop, and that if the court had considered the same, it would have concluded the stop was illegal and granted Levesque's motion to suppress evidence.

**¶5** We review a superior court's ruling on a motion to suppress evidence for abuse of discretion, considering the evidence presented at the suppression hearing and viewing the facts in a light most favorable to sustaining the ruling. *State v. Adair*, 241 Ariz. 58, 60, ¶ 9 (2016). Generally, we defer to the court's factual findings if reasonably supported by the evidence, but we review its ultimate legal determination *de novo*. *Id.*; *see also State v. Evans*, 237 Ariz. 231, 233, ¶ 6 (2015).

**¶6** The Fourth Amendment to the United States Constitution protects "persons . . . against unreasonable searches and seizures," and "any evidence collected in violation of [the same] is generally inadmissible in a subsequent criminal trial." *State v. Valenzuela*, 239 Ariz. 299, 302, ¶ 10 (2016). An investigatory traffic stop of a motor vehicle constitutes a seizure and requires an officer possess a "reasonable suspicion" the driver committed an offense to justify conducting a traffic stop. *State v. Kjolsrud*, 239 Ariz. 319, 322, ¶ 9 (App. 2016). In determining whether a reasonable suspicion exists, courts review an officer's actions by considering "'the totality of the circumstances—the whole picture' of what occurred at the scene." *Evans*, 237 Ariz. at 234, ¶ 8 (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)). "[A]n officer who has witnessed a traffic violation may initiate a stop." *Kjolsrud*, 239 Ariz. at 322, ¶ 9; *see Whren v. United States*, 517 U.S. 806, 810 (1996); *see also State v. Vera*, 196 Ariz. 342, ¶ 5 (App. 1999).

*I.     Motion to Suppress*

**¶7** Hurley was the sole witness to testify at the suppression hearing. Neither at the hearing, nor on appeal, does Levesque challenge Hurley's testimony that a lane change violation occurred while turning left from Alma School Road into the Fiesta Mall parking lot. Instead, Levesque argues the lane change violation does not constitute a traffic violation under *State v. Livingston*, 206 Ariz. 145 (App. 2003).

**¶8** Arizona Revised Statutes § 28-729(1) dictates that "a driver is required to remain exclusively in a single lane only 'as nearly as practicable' under the circumstances." *Livingston*, 206 Ariz. at 148, ¶ 10 (quoting A.R.S. § 28-729(1)). In *Livingston*, we concluded the statute's conditional language—"as nearly as practicable"—"demonstrates an express

legislative intent to avoid penalizing brief, momentary, and minor deviations outside the marked lines." *Id.* at 146, ¶ 10; *see also Bliss v. Treece*, 134 Ariz. 516, 519 (1983) (interpreting prior version of A.R.S. § 28-729(1) "to exclude from its reach those movements which are beyond the driver's control"). However, unlike the circumstances in *Livingston* where the driver committed a single, "isolated and minor breach of the shoulder line" while "otherwise dr[iving] safely on a dangerous, curved road," *Livingston*, at 148, ¶ 12, here, while making a left hand turn, Levesque drove his vehicle entirely into a separate lane of traffic on a flat, non-dangerous road, *see* A.R.S. § 28-751(2).

**¶9**      Thus, while the superior court considered additional evidence in concluding the traffic stop was justified, the lane change violation, standing alone, was sufficient to justify the stop. *See Kjolsrud*, 239 Ariz. at 322, ¶ 9. Because the superior court's factual finding of a lane change violation is "supported by the evidence," we will not disturb the same. *Adair*, 241 Ariz. at 60, ¶ 9.

**¶10**      Finally, Levesque argues the traffic stop was not justified because it occurred on private property. While Levesque is correct as to the location of the stop, the civil traffic violation, which justified the stop, occurred in the public intersection at Alma School Road before Levesque drove onto the private property of the Fiesta Mall parking lot. Thus, Levesque's argument fails.

*II.*     *Rule 16.2(c)*

**¶11**      Levesque filed a supplemental brief arguing the court failed to advise him, as required under Arizona Rule of Criminal Procedure 16.2(c), of his right to testify at the suppression hearing, and that such testimony would not be disclosed to a jury unless he also testified at trial. The brief was filed after this case was already at issue. *See* Ariz. R. Crim. P. 31.13(b) ("The appeal will be deemed to be 'at issue' when the final reply brief or a notice that no reply brief will be submitted is filed . . . ."). Because Levesque failed to raise this issue in his opening brief, he has waived the same. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4 (App. 2000) (declining to address argument not raised in opening brief).

## CONCLUSION

¶12         The superior court's factual findings are supported by the evidence presented at the suppression hearing. Further, the court's determination that the traffic stop was justified is supported by law. We therefore affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA