831 P.2d 440

**The STATE of Arizona, Appellant,**

v.

**Arthur G. ROBLES, Appellee.**

**No. 2 CA–CR 91–0640.**

Court of Appeals of Arizona, Division 2, Department A.

May 7, 1992.

---

**2.** This conclusion also disposes of the contention that the testimony was admissible under

Ariz.R.Evid. 804(b)(5), 17A A.R.S.

Roy A. Mendoza, Pinal County Atty. by Bradley M. Soos, Florence, for appellant.

Stanfield, McCarville, Figueroa, Cooper & Vasquez, P.C. by Stephen F. McCarville, Casa Grande, for appellee.

## OPINION

LACAGNINA, Presiding Judge.

The state appeals from the trial court's order dismissing two charges of driving under the influence (DUI) against Arthur G. Robles. Because we conclude that the trial court abused its discretion in misapplying the applicable law to the facts of this case, we reverse.

On December 9, 1990, at 3:24 a.m., Casa Grande Police Officer Tena received a call from the police dispatcher alerting him to a blue Toyota pickup truck with gray primer spots which had been driving erratically in the area of Brown and Second streets in Casa Grande. The dispatcher gave no description of the driver or the license number of the vehicle. At 3:51 a.m., Officer Tena and the officer riding with him observed a truck matching the description driving in the parking lot of a convenience store approximately 20 blocks or five minutes' distance from where it was first observed. By the time the officers turned the corner and arrived at the convenience store, Robles had parked the truck and turned off the ignition.

Both Officer Tena and the officer riding with him stated in interviews that they did not observe any erratic driving prior to approaching Robles. When Officer Tena approached Robles, he noticed the smell of alcohol and observed that Robles' eyes were bloodshot and watery. Officer Tena then asked Robles if he had drunk any alcohol that evening, and Robles responded that he had drunk about a 12–pack of beer. After unsuccessfully performing certain field sobriety tests, Robles was arrested. He was subsequently indicted on felony and misdemeanor counts of DUI.

In his motion to the trial court, Robles raised three grounds for dismissal: 1) lack of probable cause, 2) a *"Zavala"* defense,[1] and 3) interference by the state with Robles' ability to gather exculpatory evidence. Agreeing with the first two contentions, the trial court granted the motion.

■ Robles first argued that the police lacked probable cause to approach him. However, probable cause was not required for an investigatory stop; the state was required to show only that the officers could point to specific and articulable facts which, taken together with the rational inferences from those facts, provided an objective basis for the officers to suspect that Robles was engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Pharo v. Tucson City Court*, 167 Ariz. 571, 810 P.2d 569 (App. 1990). Moreover, even this showing was not required if the conduct of the officers did not amount to a "seizure" of Robles. *Florida v. Bostick*, 501 U.S. ——, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Although not argued by the state, there is no basis on this record for finding that Robles was the subject of an investigatory stop at the time of the officers' initial contact.

In his motion to dismiss, Robles stated that, after pulling into the convenience store parking lot, the officers approached him as he was getting out of his car and questioned him "regarding his whereabouts earlier that evening." In his answering brief before this court, Robles stated that Officer Tena asked him whether he had drunk any alcohol that evening. Given the fact that Robles had parked his car voluntarily and not in response to any action on the part of the police, we are unable to discern from the officers' actions as described by Robles anything which would lead a reasonable person to conclude that he was not free to leave or to terminate the encounter or, in other words, that he had been "seized" within the meaning of the fourth amendment. *Florida v. Bostick, supra; United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Robles does not contest the conclusion that the officers' observations of him, coupled with the prior report, then provided a sufficient basis for detaining him for purposes of the field sobriety tests which, in turn, provided probable cause for arrest. Because there was no seizure of Robles until the officers had reasonable grounds, and no arrest without probable cause, the trial court erred in dismissing the charges on this ground.

■ Assuming, however, that the initial encounter was indeed a seizure, we nevertheless find it was supported by sufficient grounds. Relying on *Pharo*, Robles argues that the facts in this case were insufficient to support an investigative stop because the officers did not personally observe any erratic driving, and the description given to them was insufficient to permit them to rely on the observations of others. In *Pharo, supra*, this court upheld a stop based on the independent observation by two witnesses of the defendant's erratic driving, coupled with a description of the defendant as well as the vehicle and its license plate. The officers saw the vehicle and confirmed this description shortly after receiving the reports but prior to stopping the vehicle in question.

In this case, the police had only a description of the vehicle given apparently by only one witness almost half an hour prior to the time Officer Tena spotted Robles. The fact that there was only one report of erratic driving, rather than two as in *Pharo*, is not a critical distinction, nor is the fact that the police had neither a license number nor a description of the driver. The description of the vehicle was sufficiently distinctive that this, coupled with the time of day and the likely absence of a significant amount of traffic, provided an objective basis for the officers to conclude that Robles' vehicle was the truck described in the dispatcher's report. *Pharo v. Tucson City Court, supra*. As in *Pharo*, Officer Tena ascertained that the truck he observed matched the description he had received, and Robles does not challenge the accuracy or reliability of the report. We

1. *State v. Zavala*, 136 Ariz. 356, 666 P.2d 456 (1983).

therefore conclude that even assuming that the officers' conduct in approaching Robles and asking questions was an investigatory stop, the officers had reasonable grounds for making such a stop.

■ Robles also argued that dismissal was mandated by *State v. Zavala, supra,* because he had voluntarily pulled his car off the road and turned off the ignition. In *Zavala,* a patrolman found the defendant passed out in his truck, which had been pulled completely off the highway. Although the key was in the ignition, the motor had been turned off. Concluding that the defendant was not "in actual physical control" of the truck within the meaning of A.R.S. § 28–692(A), the supreme court reasoned:

> The interpretation we place on the legislature's imprecise language is compelled by our belief that it is reasonable to allow a driver, when he believes his driving is impaired, to pull completely off the highway, turn the key off and sleep until he is sober, without fear of being arrested for being in control. To hold otherwise might encourage a drunk driver, apprehensive about being arrested, to attempt to reach his destination while endangering others on the highway.

136 Ariz. at 359, 666 P.2d at 459. Whatever the merits of this public policy, *Zavala* is not applicable to the present case. It pertained solely to the issue of "actual physical control" and not the issue of whether the defendant was driving. Whereas in *Zavala* there was "no dispute that the defendant's truck was motionless at the point at which the first officer encountered it," *id.* at 358, 666 P.2d at 458, in this case *Officer Tena* stated that he saw Robles driving the truck across the parking lot before he brought it to a stop and turned off the engine. If Tena's testimony is believed by the jury, then *Zavala* provides no defense. Therefore the trial court abused its discretion in dismissing on this ground as well.

The trial court's order dismissing the charges against Robles is vacated and the cause is remanded for further proceedings consistent with this opinion.

LIVERMORE, C.J., and HOWARD, J., concur.