985 P.2d 527

**The STATE of Arizona, Appellee,**

v.

**Vincent Luke HOLM, Appellant.**

**No. 2 CA–CR 97–0549.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 15, 1998.

Redesignated as Opinion and Publication Ordered Nov. 4, 1998.

Grant Woods, The Attorney General By Paul J. McMurdie and Donna J. Lam, Tucson, Attorneys for Appellee.

Susan A. Kettlewell, Pima County Public Defender By Brian X. Metcalf, Tucson, Attorneys for Appellant.

## OPINION

HOWARD, Judge.

¶ 1  Appellant was tried in absentia and found guilty by a jury of one count of possession of drug paraphernalia with one prior conviction. He was sentenced to a presumptive prison term of 1.75 years. He raises three issues on appeal, none of which merits reversal.

## TRIAL IN ABSENTIA

¶ 2  First, appellant argues that the trial court violated his due process rights by holding the trial in his absence. A criminal defendant has a right to be present at any proceeding, but may waive that right by "voluntarily absenting himself ... from it." Ariz. R.Crim. P. 9.1, 17 A.R.S. " 'The finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact.' We will not upset a trial court's finding of voluntary absence ... absent an abuse of discretion." *State v. Bishop*, 139 Ariz. 567, 569, 679 P.2d 1054, 1056 (1984), quoting *Brewer v. Raines*, 670 F.2d 117, 120 (9th Cir.1982). "The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear." *State v. Muniz–Caudillo*, 185 Ariz. 261, 262, 914 P.2d 1353, 1354 (App.1996).

¶ 3  Although there is some dispute as to whether appellant believed the trial date was May 6 or May 9, he was advised at his arraignment that if he did not appear for future proceedings, the trial could proceed in his absence. After he was released on February 18, he absconded from a residential treatment facility, did not appear for his trial in May, and was not found until September 7, when he was arrested pursuant to a bench warrant issued in March.

¶ 4  Appellant argues that he did not voluntarily waive his presence at trial because he did not have actual notice that the trial was scheduled for May 6, but rather believed it to be on May 9. This argument is without merit. First, appellant does not claim that he appeared on May 9 instead of May 6. Further, even if appellant did not know his exact trial date, it was his obligation to "remain in contact with his ... attorney and with the court." *State v. Love*, 147 Ariz. 567, 570, 711 P.2d 1240, 1243 (App.1985). See also *Muniz–Caudillo* (absence ruled voluntary where defendant did not have personal notice of trial date, but did not stay in contact with trial counsel or appear at subsequent proceedings). Had appellant met his obligation to maintain contact with his lawyer, he would have been aware of the actual trial date. Having failed to do so, he cannot now argue that his decision to violate his conditions of release by absconding was not a voluntary waiver of the right to be present at his trial. See *Love* (defendant may not benefit from misconduct by "manipulating a rule designed for [his] protection").

## JURY INSTRUCTION

¶ 5  Appellant next argues that the trial court gave an improper instruction on appellant's absence from trial. Defense counsel had asked the court

not to inform the jury that Mr. [Holm] was exercising a constitutional right by not being present, but rather simply to tell the jury ... that the defendant is not present, and they should not in any way hold that against the defendant nor should they speculate as to the purpose or—behind why he's not present.

Instead, the court instructed the jury that "[a] criminal defendant has a right to waive his presence at trial. The defendant has elected to exercise his right to waive his presence at trial. The jury must not hold this against the defendant or consider it in any way."

¶ 6 Except for noting that appellant's absence was a matter of right, the instruction the court gave was essentially the same as the instruction defense counsel requested, hence there was no error. See *State v. Belyeu*, 164 Ariz. 586, 589, 795 P.2d 229, 232 (App.1990) ("Where the instructions given were those requested by the defendant, the defendant cannot claim error on appeal based upon the giving of the instructions."). Further, counsel responded "no" when asked by the court if he had "any additions or corrections to the instructions or forms of verdict as they were read." Although appellant claims the court's instruction called attention to his absence from trial, his own suggested instruction would have done the same. The instruction the court gave did not prejudice appellant and therefore was not reversible error. See *State v. Islas*, 132 Ariz. 590, 647 P.2d 1188 (App.1982).

## SENTENCE

■ ¶ 7 Finally, appellant contends that he was entitled under A.R.S. § 13–901.01 to be placed on probation. By instead sentencing him to imprisonment, he argues, the court violated his right to due process of law. We disagree.

¶ 8 Section 13–901.01 was enacted pursuant to Proposition 200, formally entitled "The Drug Medicalization, Prevention, and Control Act of 1996," which was approved by voters in the November 1996 general election and became effective on December 6, 1996. The act altered the statutory sentencing scheme for persons convicted solely of possessing or using marijuana or a controlled substance. See *Baker v. Superior Court*, 190 Ariz. 336, 947 P.2d 910 (App.1997). Although the legislature amended § 13–901.01 soon after it

took effect,[1] when appellant committed his offense on January 2, 1997, the section provided, as originally enacted:

A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 shall be eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

¶ 9 Appellant was not convicted of either personal possession or use of a controlled substance, but of possessing narcotics paraphernalia with one prior felony conviction. He claims that he should nonetheless have been placed on probation under § 13–901.01(A), arguing that the possession of drug paraphernalia is a "necessarily included offense of possession of narcotics." The state counters that personal possession and use are the only crimes to which § 13–901.01(A) applies, therefore appellant was not entitled to probation.

■ ¶ 10 Nothing in the express language of the statute supports appellant's position. And, even if we agreed with appellant that the statute should be extended beyond its express terms to encompass any lesser included offenses of personal possession or use, we do not agree that possession of drug paraphernalia is a lesser or "necessarily" included offense. "An offense is a lesser-included offense if it is composed solely of some, but not all, of the elements of the greater offense so that it is impossible to commit the greater offense without also committing the lesser." *State v. Cisneroz*, 190 Ariz. 315, 317, 947 P.2d 889, 891 (App.1997). Because one can obviously possess narcotics paraphernalia[2] without necessarily possessing or using a controlled substance,[3] we hold that possession of narcotics paraphernalia is not a lesser-included offense of personal possession or use for purposes of § 13–901.01(A). Appellant's contention that our interpretation will lead to illogical and unfair results and permit disparate treatment of similar offenses is an argument properly ad-

---

1. 1997 Ariz. Sess. Laws, ch. 104, § 2; ch. 246, § 1.

2. See A.R.S. § 13–3415.

3. See A.R.S. § 13–3408.

dressed to the legislature rather than this court.

¶ 11 Because we resolve this issue against appellant, we need not reach the state's further assertion that appellant had prior felony convictions that rendered him ineligible for probation in any event pursuant to A.R.S. § 13–901.01(B) and A.R.S. § 41–1404.15 (now renumbered as § 41–1404.16).

¶ 12 Appellant's conviction and the sentence imposed are affirmed.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge, and PHILIP G. ESPINOSA, Judge.