4 P.3d 437

Terry **STUBBLEFIELD, and Christina R. Casella, Petitioners,**

v.

The Honorable John **TROMBINO, Commissioner of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,**

Richard **Romley, The Maricopa County Attorney, Real Party in Interest.**

Nos. 1 CA–SA 99–0261, 1 CA–SA 99–0276.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 27, 2000.

Review Denied Sept. 26, 2000.

Dean W. Trebesch, Maricopa County Public Defender by Ronald A. Van Wert, Deputy Public Defender and Russell G. Born, Deputy Public Defender, for Petitioners.

Richard M. Romley, Maricopa County Attorney by Rene Williams, Deputy County Attorney, for Respondent.

**OPINION**

KLEINSCHMIDT, Judge.

¶ 1 The Petitioners were charged with attempted personal possession of narcotic drugs, violations of Arizona Revised Statutes

---

7. A.R.S. § 8–245.

8. A.R.S. § 13–3613(A).

("A.R.S.") sections 13–1001, –3401, –3408, –3418, –701, –702, and –801. They were placed on probation. Later, when petitions to revoke were filed, the Petitioners asserted that they could not be sentenced to prison because the Drug Medicalization Prevention and Control Act of 1996, codified in A.R.S. § 13–901.01 ("Proposition 200") forbids imprisonment for their crime. The trial judge rejected their argument.

¶ 2 We reject the state's argument that this issue is not ripe for special action because the Petitioners have not been found in violation of probation. We accept jurisdiction because the question is of statewide importance, is likely to recur, and we take judicial notice that judges of the superior court are ruling on the question in different ways.[1] *See Goddard v. Superior Court,* 191 Ariz. 402, 403, 956 P.2d 529, 530 (App.1998). We hold that Proposition 200 does apply to attempted personal possession of a controlled substance.

¶ 3 Arizona Revised Statutes § 13–901.01(A) states:

> [n]otwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance ... is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

¶ 4 The State argues that the plain language of A.R.S. § 13–901.01 does not include prepatory offenses such as attempt. It cites *State v. Holm,* 195 Ariz. 42, 985 P.2d 527 (App.1998), in which Division Two of this court stated that nothing in the express language of the statute supported the contention that the drafters of Proposition 200 intended it to apply to possession of drug paraphernalia. *Holm,* 195 Ariz. at 44, 985 P.2d at 529. The defendant's argument in *Holm* depended upon his incorrect contention that possession of drug paraphernalia was a lesser included offense of possession of drugs. The court rejected that argument. *Holm* is readily distinguishable from the case before us because attempt to possess a controlled substance is a lesser included offense of posses-

sion of a controlled substance. *See State v. Cornish,* 192 Ariz. 533, 538, 968 P.2d 606, 611 (App.1998).

¶ 5 In *State v. Lammie,* 164 Ariz. 377, 793 P.2d 134 (App.1990), we held that the statute requiring convicted sex offenders to register as such also applies to persons convicted of attempted sex offenses, even though the registration statute did not specifically refer to attempted offenses. Among other things, we noted that an attempt is generally recognized as part of a completed offense. We believe *Lammie* controls this case.

¶ 6 Proposition 200 requires courts to suspend sentencing and impose probation for first time drug offenders. *See Calik v. Kongable,* 195 Ariz. 496, 990 P.2d 1055 (1999). The proposition also directs offenders to participate in an appropriate drug treatment or education program as a condition of probation. *See id.* It would be illogical to hold that Proposition 200 applies to possession of narcotic drugs but that it does not apply to the less serious offense of attempted possession of narcotic drugs.

¶ 7 Jurisdiction is accepted and this matter is remanded to the trial court for further proceedings consistent with this opinion.

CONCURRING: PHILIP E. TOCI, Presiding Judge, and RUDOLPH J. GERBER, Judge.

---

1. *See State v. Ford,* Maricopa County CR 9913773, Minute Entry of Dec. 3, 1999.