18 P.3d 1261

The STATE of Arizona, Appellee,

v.

Randy David GUILLORY, Appellant.

No. 2CACR 00–0010.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 28, 2001.

Janet Napolitano, Arizona Attorney General, by Paul J. McMurdie and Diane M. Acosta, Tucson, for appellee.

Isabel G. Garcia, Pima County Legal Defender, by Joy Athena, Tucson, for appellant.

*OPINION*

FLÓREZ, Judge.

¶ 1 Appellant Randy David Guillory was found guilty by a jury of unlawful possession of a narcotic drug. He admitted a prior felony conviction for conspiracy to unlawfully possess a narcotic drug and a prior conviction for unlawful possession of a narcotic drug. He was sentenced to a mitigated, eight-year prison term. He raises three issues on appeal, none of which merits reversal.

¶ 2 Appellant first contends that the trial court erred when it sentenced him to prison, claiming he should have been placed on probation under A.R.S. § 13–901.01, the "Drug Medicalization, Prevention & Control Act of 1996," commonly referred to as Proposition 200. Specifically, he argues that § 13–901.01(G) only prohibits probation for defendants who have previously been convicted three times of drug-related offenses. He argues that the statutory language, "has been convicted three times," means three prior convictions, in addition to the present conviction. Appellant insists that "[o]nly upon [a] fourth conviction for drug use or

possession would [the defendant] become ineligible for Proposition 200 benefits." We do not find appellant's argument persuasive.

■■■ ¶ 3 We review matters of statutory construction de novo. *Zamora v. Reinstein*, 185 Ariz. 272, 915 P.2d 1227 (1996). We interpret statutes to effect the intent of the legislature. *State v. Williams*, 175 Ariz. 98, 854 P.2d 131 (1993). Section 13–901.01(G) states in part:

> A person who has been convicted three times of personal possession or use ... is not eligible for probation under the provisions of this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.

At the time appellant was sentenced, he had been convicted three times of drug-related offenses. Because the convictions occurred before the sentencing in this case, petitioner was not eligible for probation. *See* A.R.S. § 13–901(G). Clearly, the term "convicted" throughout § 13–901.01 refers to a conviction on the instant offense for which an offender faces sentencing. Our interpretation is bolstered by *Foster v. Irwin*, 196 Ariz. 230, 995 P.2d 272 (2000), in which our supreme court stated that the purpose of Proposition 200 was to

> requir[e] a probation sentence for a first or second conviction of personal use or possession. Standard felony sentencing provisions that permit imprisonment apply only if the defendant has been convicted at least three times for personal possession or use or if the defendant has been convicted of a violent crime.

*Id.* at ¶ 3, 995 P.2d at ¶ 3 (citation and footnote omitted); *see also Calik v. Kongable*, 195 Ariz. 496, 990 P.2d 1055 (1999). We read the statute as prohibiting the sentencing judge from placing on probation a defendant such as appellant who has been thrice convicted of personal drug possession.

¶ 4 Alternatively, appellant argues that only one of his two prior convictions falls within the scope of § 13–901.01(G). He challenges the use of the conviction for conspiracy to unlawfully possess drugs because conspiracy is not specifically listed in § 13–901.01(G) and it is neither a lesser-included

offense of unlawful possession nor is it a more serious offense than actual possession. Thus, he contends conspiracy does not fall within the purview of Proposition 200. We disagree.

¶ 5 Prior convictions not listed in Proposition 200 may still affect a defendant's entitlement to mandatory probation. *Goddard v. Superior Court*, 191 Ariz. 402, 956 P.2d 529 (App.1998). In *State v. Estrada*, 197 Ariz. 383, 4 P.3d 438 (App.2000), Division One of this court found that a prior conviction for conspiracy to possess narcotic drugs for sale constituted a nonviolent but drug-related prior conviction. The court in *Estrada* also found that, although not specifically enumerated in Proposition 200, under the rationale of *Goddard*, a prior conviction that involved the commercial trafficking in drugs is no less consequential than a prior conviction for personal possession.

■■ ¶ 6 The state contends that § 13–901.01 must encompass conspiracy because it "is an offense of the same class as the most serious offense which is the object of or result of the · conspiracy." A.R.S. § 13–1003(D). We agree that any other conclusion would be contrary to the stated .purpose of Proposition 200 and would result in an absurdity. *See Estrada.* Because appellant admitted, for purposes of A.R.S. § 13–604, that he had two prior drug-related convictions for unlawful possession of and conspiracy to possess narcotic drugs, the instant conviction was his third for a drug-related offense, and the mandatory probation provision of § 13–901.01 did not apply to him. The trial court was not prohibited from sentencing appellant to prison.

¶ 7 This day we have simultaneously filed *State v. Ossana*, 199 Ariz. 459, 18 P.3d 1258, (App. 2001), which also relates to Proposition 200. In *Ossana*, we have declined to include to the detriment of the defendant in that case a drug-related crime of a less serious nature than the specifically enumerated crimes of personal possession or use of a controlled substance in § 13–901.01(A) and (G). Here, in contrast, we have included within the meaning of § 13–901.01(G) a drug-related crime equally as serious as the specifically enumerated crimes in subsection (B) of per-

sonal possession or use of a controlled substance.

■ ¶8 Relying upon both the Fourth Amendment of the United States Constitution and article II, § 8, of the Arizona Constitution, appellant also claims the trial court erred when it denied his motion to suppress 2.26 grams of crack cocaine, which was discovered by police officers from whom he had fled. He claims the seizure of the drugs was the result of an unlawful seizure of his person when a police officer made eye contact with him from a moving patrol car and made a hand gesture to him, indicating the officer wished to talk to him. Appellant contends this was a seizure without reasonable suspicion. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ ¶9 We will not interfere with a trial court's ruling on a motion to suppress absent a clear abuse of discretion. *State v. Atwood*, 171 Ariz. 576, 832 P.2d 593 (1992). In reviewing the denial of a motion to suppress, we look only at the evidence presented during the suppression hearing and draw all reasonable inferences in favor of upholding the court's factual determinations. *See State v. Spears*, 184 Ariz. 277, 908 P.2d 1062 (1996). Evidence at the suppression hearing established that Tucson police officers were patrolling in a "high narcotics, high prostitution area" of Tucson when they saw appellant and his female passenger in a vehicle driving into a motel parking lot, which the officers knew had a reputation for narcotics and prostitution activity. The officers returned after having passed the motel and saw appellant walking back to his vehicle. They followed appellant to a shopping center parking lot, where appellant left the vehicle and began walking. His female passenger drove off in the vehicle. The officers, who were in plain clothes and in an unmarked police vehicle, asked a uniformed officer in a marked patrol car to field interview appellant. The uniformed officer approached appellant and the two made eye contact. The officer then "motion[ed] to him with [his] hand like a wave," and appellant began to flee. The uniformed officer drove after appellant and saw him toss a tissue from his pocket. After appel-lant was stopped and handcuffed, the tossed tissue was found. It contained the crack cocaine.

¶10 In order for appellant's argument to be valid, we would have to find that the officer's waving of his hand or his making eye contact from a moving vehicle somehow constituted a show of authority. *See State v. Wyman*, 197 Ariz. 10, 3 P.3d 392 (App.2000). The Fourth Amendment is not implicated when the police approach and question a person if their interaction is consensual. *Id.* And, there has been no seizure for purposes of the Fourth Amendment or under article II, § 8, of the Arizona Constitution unless the officer's conduct is such that it would lead a reasonable person to believe that he was not free to leave or end the encounter. *Florida v. Bostick*, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *cf. State v. Rogers*, 186 Ariz. 508, 924 P.2d 1027 (1996) (reasonable person would not have felt free to disregard police when officer approached and stated, "police officers, we need to talk to you").

■ ¶11 The evidence at the suppression bearing regarding the eye contact or the wave cannot reasonably be viewed as anything other than inviting a consensual response. A seizure requires either the use of physical force by the police or submission to the assertion of authority. *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In *Hodari D.*, officers patrolling a high-crime area approached a group of youths who took flight. During the chase, the defendant discarded what eventually was found to be crack cocaine. The Supreme Court found that because the defendant had not submitted to the officers' authority, he had not been "seized" until he was apprehended, and the cocaine that he tossed during the chase was not discovered as the result of an unlawful seizure. Thus, the trial court property had denied the motion to suppress. *Cf. State v. Robles*, 171 Ariz. 441, 831 P.2d 440 (App.1992) (defendant who had voluntarily driven to convenience store and stopped in parking lot, where an officer approached him and asked questions, had not been seized).

**466**

¶ 12 This case is more like *Hodari* than *Rogers*. In *Rogers*, the officers approached the defendant, identified themselves as police officers, and said, "we need to talk to you." 186 Ariz. at 509, 924 P.2d at 1028. The defendant stopped, had a verbal exchange with the officers, and then fled. Our supreme court characterized as a seizure that brief exchange where the defendant had " 'momentarily yielded.' " *Id.* at 511, 924 P.2d at 1030, *quoting United States v. Morgan*, 936 F.2d 1561, 1567 (10th Cir.1991).

¶ 13 As in *Hodari*, we find that the trial court did not abuse its discretion here when it denied the motion to suppress the cocaine because it did not result from an unlawful seizure of appellant. Appellant's case is similar to *Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), where, as here, the defendant's flight was unprovoked.

¶ 14 The last argument appellant raises is that he is entitled to a new trial on the ground of prosecutorial misconduct because the prosecutor elicited a statement from one of the police officers that appellant was originally observed at a hotel known as a place of drug-related activity and prostitution and because the prosecutor referred to the character of the hotel in her opening statement and closing and rebuttal arguments. Appellant did not object to the evidence or the prosecutor's comments; the issue is, therefore, waived absent fundamental error. *See State v. Cornell*, 179 Ariz. 314, 878 P.2d 1352 (1994); *State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991). There is no fundamental error here. *See also State v. Bible*, 175 Ariz. 549, 858 P.2d 1152 (1993).

¶ 15 The judgment of conviction and the sentence imposed are affirmed.

BRAMMER, Jr., Presiding J., and PELANDER, J., concurring.