18 P.3d 1258

The STATE of Arizona, Appellee,

v.

Timothy Galen OSSANA, Appellant.

No. 2 CA–CR 99–0508.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 28, 2001.

Janet Napolitano, Arizona Attorney General, by Paul J. McMurdie and Consuelo M. Ohanesian, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender, by Lisa M. Hise, Tucson, for appellant.

*OPINION*

FLÓREZ, J.

¶ 1 After a bench trial, appellant Timothy Ossana was found guilty of possession of a narcotic drug, a class two felony, and posses-

sion of drug paraphernalia, a class six felony. He was sentenced to concurrent, presumptive prison terms of 2.5 years for the drug possession conviction and one year for the paraphernalia possession conviction.[1] We affirm his convictions and the sentence on count two. However, we vacate the sentence imposed on count one.

¶ 2 The hearing on appellant's motion to suppress evidence was held contemporaneously with the bench trial. We view the evidence both from the suppression hearing and from the trial in the light most favorable to upholding the trial court's rulings. *State v. Guerra*, 161 Ariz. 289, 778 P.2d 1185 (1989); *State v. Vera*, 196 Ariz. 342, 996 P.2d 1246 (App.1999).

¶ 3 On the afternoon of March 12, 1998, two members of a Department of Public Safety task force observed appellant driving faster than the posted speed limit and failing to control the vehicle when he made an abrupt turn. After appellant was stopped, he admitted to one of the officers that he had been speeding. While an officer was speaking to appellant, the officer noticed a plastic bag of what he believed to be narcotics in the compartment of the driver's side door. Appellant denied that the cocaine in the plastic bag was his and claimed the vehicle belonged to his mother, but acknowledged that he used cocaine. The officers also found a cigarette wrapper containing a "white powdery residue" on the right rear passenger floorboard, another plastic bag of drugs in the door compartment under the original plastic bag, and a folded piece of newspaper that contained a powdery substance on the driver's side sun visor.

¶ 4 The trial court granted appellant's motion for a judgment of acquittal on the charge that he had possessed the cocaine for sale. Appellant then testified that he had been twice convicted of attempted possession of drugs and claimed that both plastic bags of drugs were wrapped in a napkin and that, contrary to the officers' testimony, the drugs had not been in plain sight. The trial court denied appellant's motion to suppress the evidence and found appellant guilty.

[1] ¶ 5 Appellant first argues that the record does not establish that his waiver of a jury trial was knowing and intelligent. Specifically, he claims that, because the motion to suppress was combined with the trial, in effect, he did not merely waive a jury, but submitted the issue of his guilt or innocence to the trial court on the record and, therefore, had to be informed of the range of sentences for the charges, similar to the defendant in *State v. Avila*, 127 Ariz. 21, 617 P.2d 1137 (1980). However, appellant did not submit his case on the record as did the defendant in *Avila*.

¶ 6 The record demonstrates that both appellant and his counsel understood that a bench trial would be combined with the suppression hearing, and the trial court carefully explained that it, rather than members of the community sitting as a jury, would be deciding appellant's guilt or innocence. It is obvious from appellant's colloquy with the trial court about his waiver of a jury trial that, with the assistance of counsel, he knowingly, voluntarily, and intelligently waived only a determination of guilt by a jury. *See* Ariz. R.Crim.P. 18.1(b), 17 A.R.S.; *State v. Conroy*, 168 Ariz. 373, 375, 814 P.2d 330, 332 (1991) ("Defendants waiving only the right to a jury trial need not be afforded the exact procedural protections provided to those whom we treat under *Avila* as if they were pleading guilty because they submit their cases for determination by the court on a stipulated record.").

1. Appellant does not challenge his drug paraphernalia conviction or sentence on the ground that the possession of drug paraphernalia is a lesser-included offense of possession of a narcotic drug. *See State v. Holm*, 195 Ariz. 42, ¶ 10, 985 P.2d 527, ¶ 10 (App.1998) ("[P]ossession of narcotics paraphernalia is not a lesser-included offense of personal possession or use for purposes of [A.R.S.] § 13–901.01(A)."); *but see State v. Estrada*, 197 Ariz. 383, ¶ 23, 4 P.3d 438, ¶ 23 (App.2000), *review granted in part* (Ariz. September 26, 2000) ("[P]ossession of the paraphernalia, like possession of the methamphetamine, fell within the probationary requirements of A.R.S. § 13–901.01."); *State v. Hatton*, No. 1 CA–CR 99–0448, ¶ 9 (memorandum decision filed May 16, 2000), *review granted in part* (Ariz. September 26, 2000) ("[T]he possession of paraphernalia charge was not subject to the sentencing provisions of A.R.S. section 13–901.01.").

¶ 7 Next, appellant argues that the trial court erred when it denied his motion to suppress the evidence found as a result of the traffic stop. He claims that the officers lacked reasonable suspicion to stop his vehicle and that, even if they were justified in stopping him, the cocaine was not in plain view and they therefore illegally searched the vehicle. Again, we consider the evidence presented at the suppression hearing in the light most favorable to upholding the ruling. *State v. Weinstein,* 190 Ariz. 306, 947 P.2d 880 (App.1997). We review a trial court's denial of a suppression motion for an abuse of discretion. *State v. Gulbrandson,* 184 Ariz. 46, 906 P.2d 579 (1995); *State v. Bentlage,* 192 Ariz. 117, 961 P.2d 1065 (App.1998). The trial court determines the credibility of the witnesses. *State v. Rhymes,* 129 Ariz. 56, 628 P.2d 939 (1981). However, we are not bound by the trial court's legal determinations, *State ex rel. McDougall v. Johnson,* 181 Ariz. 404, 891 P.2d 871 (App.1994), and we review de novo the court's ultimate legal determination on the propriety of a stop, "a mixed question of law and fact." *State v. Rogers,* 186 Ariz. 508, 510, 924 P.2d 1027, 1029 (1996). *See also Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

¶ 8 We can infer from the trial court's findings and denial of the motion to suppress that it found the officers more credible than appellant and that the court believed appellant had, in fact, been speeding and that the cocaine had been in plain view. The officers had the right to stop appellant's car if they reasonably believed he had committed a traffic violation. *See Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *see also State v. Boudette,* 164 Ariz. 180, 791 P.2d 1063 (App.1990) (state's legitimate interest in insuring safety of roadways outweighs minimal intrusion of permitting law enforcement officers to stop motorists for civil traffic violations). The trial court did not abuse its discretion in denying the motion to suppress the evidence, the officers having stopped the vehicle for a legitimate reason and having observed the original plastic bag of cocaine in plain view.

¶ 9 Appellant's final argument is that the concurrent prison sentences imposed violate A.R.S. ¶ 13–901.01, part of the "Drug Medicalization, Prevention and Control Act of 1996," commonly referred to as Proposition 200, and constitute fundamental error. Appellant's two prior convictions were for attempted possession of narcotic drugs. Under ¶ 13–901.01(A), a person convicted of personal possession or use of a controlled substance must be placed on probation. However, under subsection (G), a defendant convicted three times of personal possession or use is not eligible for probation. The state maintains that subsection (G) applies to appellant's prior convictions for attempted possession, citing the decision by Division One of this court in *Stubblefield v. Trombino,* 197 Ariz. 382, 4 P.3d 437 (App.2000). The court there held that ¶ 13–901.01 applies to attempted possession of narcotic drugs as a lesser-included offense of possession of drugs and that probation for offenders convicted of attempted possession is mandated by subsection (A). The state argues that, if attempt convictions can invoke the provisions of subsection (A), attempt convictions must be included in subsection (G).

¶ 10 In *Stubblefield,* the state argued that "the plain language of A.R.S. § 13–901.01 does not include prepa[ra]tory offenses such as attempt." *Id.* at ¶ 4, 4 P.3d 437, ¶ 4. However, the court found that, because Proposition 200 was enacted to ensure drug treatment and drug education for offenders, "[i]t would be illogical to hold that Proposition 200 applies to possession of narcotic drugs but that it does not apply to the less serious offense of attempted possession of narcotic drugs." *Id.* at ¶ 6, 4 P.3d 437 at ¶ 6.

¶ 11 The same reasoning does not apply to justify the expansion of ¶ 13–901.01(G) to include attempt convictions to disqualify a defendant from probation under subsection (A). The legislature specified that a threshold of three convictions for personal possession or use of a controlled substance disqualifies a defendant from eligibility for probation. As a preparatory offense, attempted possession connotes a lesser degree of crime, although it requires the same culpable mental state as possession. We be-

lieve that it would be contrary to the intent of Proposition 200 *to expand the language of* subsection (G) beyond its plain meaning to include preparatory offenses to the detriment of a defendant, and that our interpretation today fosters the true intent of the proposition. *See Goddard v. Superior Court,* 191 Ariz. 402, 956 P.2d 529 (App.1998). "Moreover, we recognize that a judicial expansion of statutory language can violate a defendant's due process right to fair warning." *State v. Powers,* No. 2 CA–CR 00–0117, ¶ 8 , — Ariz. —, — P.3d —, 2001 WL 197938 (Ariz.Ct.App. February 27, 2001). Furthermore, because ¶ 13–901.01(G) is ambiguous as to whether preparatory offenses are included in its purview, we apply the rule of lenity, which " 'dictates that any doubt should be resolved in favor of the defendant.' " *State v. Tarango,* 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996), *quoting State v. Pena,* 140 Ariz. 545, 549–50, 683 P.2d 744, 748–49 (App.1983) (decision approved and adopted in *State v. Pena,* 140 Ariz. 544, 683 P.2d 743 (1984)). We agree with appellant that, for a defendant to be excluded from the mandatory probation of ¶ 13–901.01(A), the prior convictions must be for possession or use, not merely for attempted possession or use. Accordingly, the prison sentence imposed on count one for unlawful possession of a narcotic drug must be vacated.

¶ 12 This day we have simultaneously filed *State v. Guillory,* 199 Ariz. 462, 18 P.3d 1261 (App. 2001), which also relates to Proposition 200. In *Guillory,* we included within the meaning of § 13–901.01(G) a drug-related crime equally as serious as the specifically enumerated crimes in subsection (G) of personal possession or use of a controlled substance. Here, in contrast, we have declined to include to the detriment of appellant a drug-related crime of a less serious nature than the specifically enumerated crimes of personal possession or use of a controlled substance in § 13–901.01(A) and (G).

¶ 13 The judgment of convictions is affirmed. The sentence imposed on count two, possession of drug paraphernalia, is affirmed. The sentence imposed on count one, unlawful possession of a narcotic drug, is vacated. The case is remanded to the trial court for resentencing on count one.

J. WILLIAM BRAMMER, Jr., Presiding J., and JOHN PELANDER, J., concurring.

