NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JAMIE ROSE AGUILAR, *Appellant.*

Nos. 1 CA-CR 14-0313
1 CA-CR 14-0365
1 CA-CR 14-0366
(Consolidated)
FILED 9-8-2015

---

Appeal from the Superior Court in Maricopa County
Nos.  CR2010-160343-001
CR2011-107822-002
CR2013-416292-002
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist, III
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B R O W N**, Chief Judge:

**¶1**        Jamie Rose Aguilar appeals her convictions and sentences for two counts of burglary in the third degree in Maricopa County Superior Court No. CR2013-416292-002.[1]   She contends the trial court erred in denying her motion for new trial and motion for change of counsel.  For the reasons that follow, we affirm.

## BACKGROUND

**¶2**        The State charged Aguilar with two counts of burglary in the third degree and two counts of possession of burglary tools committed while Aguilar was on probation for two previous convictions.  At trial, the court granted Aguilar's motion for a directed verdict as to one count of possession of burglary tools, and the jury returned guilty verdicts on the two burglary counts.  The jury acquitted Aguilar of the remaining count of possession of burglary tools.

**¶3**        During voir dire, none of the jurors answered affirmatively when the court asked them whether they knew Aguilar.  Several days after the verdicts were returned, however, Juror No. 6 informed the court that Aguilar's daughter, J.Z., had been her student the previous year while Juror No. 6 was working as a substitute teacher.  After the court held a status conference, at which the court and the parties had the opportunity to question Juror No. 6 regarding her contact with Aguilar, Aguilar moved for

---

[1]      Aguilar also appeals from the trial court's revocation of probation and imposition of sentences in Maricopa County Superior Court Nos. CR2010-160343-001 and CR2011-107822-002.  Other than her challenges to the convictions and sentences in CR2013-416292-002, Aguilar raises no separate arguments challenging her probation revocation.

a mistrial based on the juror's failure to disclose their connection during trial. The court denied the motion.

¶4 Prior to sentencing, Aguilar filed a motion to change counsel. The court denied the motion, proceeded to sentencing, and Aguilar appealed.

## DISCUSSION

¶5 Aguilar first argues she was entitled to a new trial based on Juror No. 6's failure to inform the court, at trial, that she was acquainted with Aguilar. According to Aguilar, Juror No. 6 could not be fair and impartial based on their previous interaction.

¶6 "Motions for new trial are disfavored and should be granted with great caution." *State v. Rankovich*, 159 Ariz. 116, 121 (1988). We review a trial court's decision to deny a new trial based on juror misconduct for an abuse of discretion. *State v. Hall*, 204 Ariz. 442, 447, ¶ 16 (2003). Misconduct can occur when a juror "willfully fail[s] to respond fully to a direct question posed during voir dire examination." Ariz. R. Crim. P. 24.1(c)(3)(iii). A juror's failure to disclose contact with the defendant "during trial, although improper, is not grounds for a mistrial or new trial unless [the] defendant establishes that the misconduct was prejudicial to the rights of the defendant or when such a state of facts is shown that it may fairly be presumed . . . that the defendant's rights were prejudiced." *State v. Vasquez*, 130 Ariz. 103, 105 (1981) (internal quotations omitted).

¶7 At the status conference, Juror No. 6 explained that during voir dire she "had no idea" she had any connection to Aguilar. When Aguilar testified and mentioned the age of her daughter and the location of her daughter's school, the juror had "a fleeting thought there could be a connection" but then concluded "[i]t's probably not possible." She learned of the association when she returned to work and a co-worker informed her that J.Z. was Aguilar's daughter. Until she received this information, Juror No. 6 "had no idea" because the two did not share the same last name.

¶8 When questioned regarding any previous contact with Aguilar, Juror No. 6 said she remembered an incident when she put J.Z. on a school bus to return home, and Aguilar confronted her because Aguilar was there to drive the child home. Juror No. 6 stated that Aguilar was "a little irritated with me" at the time. Juror No. 6 also mentioned that she must have had a parent-teacher conference with Aguilar the prior year but she could not "picture" the meeting. Juror No. 6 repeatedly stated that her connection with Aguilar did not affect her deliberations at trial because she

3

was unaware of their acquaintance at the time. The juror also stated that, had she recognized Aguilar during voir dire, she "absolutely" would have disclosed that information.

**¶9**         In denying Aguilar's new trial motion, the court found Juror No. 6 honestly indicated during voir dire that she did not know Aguilar. The court also found that Aguilar suffered no prejudice because the juror did not recognize her association with Aguilar until after the verdicts were rendered.[2] The record supports these findings. Therefore, the court did not abuse its discretion in denying Aguilar's motion for new trial.

**¶10**         Aguilar next argues the court erred in denying her motion to change counsel. We review a court's denial of a motion to change counsel for an abuse of discretion. *State v. Hernandez*, 232 Ariz. 313, 318, ¶ 11 (2013).

**¶11**         On the day of sentencing, Aguilar filed a motion to change counsel without indicating any basis for the request. Aguilar explained orally to the court that she was not satisfied with her appointed counsel's representation. Specifically, she asserted counsel had done nothing to protect or defend her, pointing to his refusal to take actions she had requested, his failure to visit her in jail, and his failure to return her phone calls. She also asserted that counsel told her at the start of trial that the funds he was given for her defense were "spent a long time ago" and that it was "basically BS to have to defend" her.

**¶12**         Aguilar further stated, "[Counsel is] telling me he . . . need[s] to do something to protect himself, which is not fair in my case." In response to this statement, defense counsel explained that he would not stipulate to the State's allegations of prior convictions, and "that protects everybody, including myself[.]" In denying the motion, the court found that Aguilar's attorney, having represented her through trial, was "in the best position" to represent her at sentencing.

**¶13**         Although the Sixth Amendment guarantees criminal defendants the right to representation by competent counsel, an indigent

---

2         Additionally, we note that nothing in the record indicates Aguilar recognized Juror No. 6 as J.Z.'s former teacher, which bolsters the juror's credibility regarding her inability to recognize Aguilar at trial. In any event, Aguilar's challenges to the juror's credibility are not persuasive on appeal. *See State v. Ossana*, 199 Ariz. 459, 461, ¶ 7 (App. 2001) ("The trial court determines the credibility of witnesses.").

defendant is not "entitled to counsel of choice, or to a meaningful relationship with his or her attorney." *State v. Torres*, 208 Ariz. 340, 342, ¶ 6 (2004) (internal citation omitted). Rather, the constitutional right to counsel is violated "when there is a complete breakdown in communication or an irreconcilable conflict between a defendant and his appointed counsel[.]" *Id.* A defendant's lack of confidence in counsel and disagreements over trial strategy do not constitute an irreconcilable conflict and do not require the court to conduct a formal hearing to inquire as to the basis of the defendant's request for new counsel. *Id.* at 343, ¶ 8; *State v. Cromwell*, 211 Ariz. 181, 186-87, ¶¶ 29-30 (2005). In deciding whether to grant a motion to change counsel, a trial court should also consider other factors, including the timing of the motion. *Id.* at 187, ¶ 31 (internal quotation omitted).

**¶14** Aguilar contends she presented sufficient factual allegations of an irreconcilable conflict with trial counsel such that the court should have granted her motion to change counsel or, alternatively, the court was required to further investigate her allegations by holding an evidentiary hearing.[3]

**¶15** Without question, Aguilar expressed a lack of confidence in her attorney's representation and explained she and her attorney disagreed about trial strategy. Aguilar also conveyed her dissatisfaction with the amount of contact she had with counsel throughout the proceedings. None of these complaints, however, demonstrate a complete breakdown in communication between attorney and client that would mandate a formal hearing or substitution of counsel.[4] Consequently, and especially considering the delayed timing of the request, the court did not abuse its discretion by denying Aguilar's motion for new counsel or failing to conduct a more extensive formal hearing. Finally, to the extent Aguilar

---

[3] To the extent Aguilar contends her appointed counsel did not inform her of a plea bargain until after trial had commenced, the record indicates otherwise. Even if counsel failed to do so, however, the record shows the court informed Aguilar of the State's proposed plea agreement, and Aguilar knowingly rejected it.

[4] Aguilar argues trial counsel's failure to return her phone calls and meet with her violates our supreme court's rules of professional conduct. She provides no authority, however, that such violations amount to a denial of the Sixth Amendment's right to counsel. Accordingly, we do not address this issue. *See State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004) ("In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.").

challenges her attorney's competence in handling the trial, we note that claims for ineffective assistance of counsel must be raised in a petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. *See State v. Sprietz*, 202 Ariz. 1, 3, ¶ 9 (2002).

**CONCLUSION**

**¶16**         We affirm Aguilar's convictions and sentences for two counts of burglary in the third degree, and the revocation of Aguilar's probation and the resulting sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama