NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ANTONIO ALVAREZ ZAMORA, *Appellant*.

Nos. 1 CA-CR 16-0135; 1 CA-CR 16-0481 (Consolidated)
FILED 6-29-2017

---

Appeal from the Superior Court in Maricopa County
Nos. CR 2014-134702-001; CR 2011-160033-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

**¶1**      Antonio Zamora appeals the trial court's denial of his motion to suppress, arguing the court should not have admitted evidence of incriminating statements obtained from him while he was subject to custodial interrogation but before he was advised of his *Miranda* rights. *See generally Miranda v. Arizona*, 384 U.S. 436 (1966). For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**      At approximately 6:45 p.m. on July 18, 2014, Chandler Police Officer Octavio A. watched an individual later identified as Zamora ride his bicycle through a four-way stop sign, without stopping, and continue traveling against oncoming traffic. Officer A. attempted a traffic stop, during which he "noticed something being tossed from [Zamora's] hand to the ground." Officer A. notified another officer, who retrieved the items Zamora had dropped. Based upon his training and experience, Officer A. believed the items contained heroin.

**¶3**      Officer A. arrested Zamora and advised him of his *Miranda* rights. Zamora stated he did not understand English and wanted his rights read to him in Spanish. Thereafter, Officer A. did not ask any further questions of Zamora.

**¶4**      Officer A. performed a search incident to arrest and found a bag in Zamora's left pocket containing "a white crystal-like substance" that Officer A. believed to be methamphetamine. Officer A. held the substance "about [an] arm['s] length from [his] chest" while he evaluated it. Zamora

---

[1]    In reviewing a trial court's ruling on a motion to suppress, we consider only the evidence presented at the suppression hearing and view that evidence in the light most favorable to upholding the court's ruling. *State v. Nissley*, 241 Ariz. 327, 329, ¶ 3 (2017) (citing *State v. Valenzuela*, 239 Ariz. 299, 301, ¶ 3 (2016)).

then "turn[ed] his whole body" to look over his shoulder at what Officer A. had found and stated "that is mine." Subsequent testing confirmed the substances found were, in fact, heroin and methamphetamine.

¶5 Before trial, Zamora moved to suppress his statement to Officer A. In ruling on the motion, the trial court initially noted "it is clear that [Zamora] was in custody" before analyzing whether Zamora had been subjected to interrogation or the functional equivalent thereof. Applying the law found in *Rhode Island v. Innis*, 446 U.S. 291 (1980), the court found that, in the course of Officer A.'s search incident to Zamora's arrest, Officer A. "made no direct or overt act toward [Zamora] and did not engage in any behavior that could lead a reasonable person to believe that they were expected to respond." After concluding Zamora had not been subject to interrogation, the court denied Zamora's motion to suppress.

¶6 The jury ultimately convicted Zamora of one count of possession of a dangerous drug and one count of possession of a narcotic drug. After finding the State had proved five historical prior felonies, the trial court sentenced Zamora as a non-dangerous, repetitive offender to two presumptive, concurrent terms of ten years' imprisonment. Moreover, the court revoked Zamora's probation for a drug possession offense committed in 2011 and sentenced him as a non-dangerous, non-repetitive offender to a less-than-presumptive sentence of 271 days' imprisonment. Zamora timely appealed, and this Court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 "We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion." *State v. Cruz*, 218 Ariz. 149, 161, ¶ 47 (2008) (citing *State v. Prion*, 203 Ariz. 157, 160, ¶ 14 (2002)). In doing so, we defer to the trial court's factual findings absent an abuse of discretion, but review the court's conclusions of law *de novo*. *See State v. Valle*, 196 Ariz. 324, 326, ¶ 6 (App. 2000) (citations omitted). Additionally, we will infer findings necessary to support the trial court's decision, so long as they do not conflict with the court's express findings. *State v. Zamora*, 220 Ariz. 63, 67, ¶ 7 (App. 2009) (citing *State v. Ossana*, 199 Ariz. 459, 461, ¶ 8 (App. 2001), and *Coronado Co. v. Jacome's Dep't Store, Inc.*, 129 Ariz. 137, 139 (App. 1981)). A trial court abuses its discretion by issuing a legally incorrect ruling or one unsupported by the record. *State v. Chapple*, 135 Ariz. 281, 297 (1983),

---

[2] Absent material changes from the relevant date, we cite a statute's current version.

*superseded on other grounds by* A.R.S. § 13-756 (citing *Grant v. Pub. Serv. Co.*, 133 Ariz. 434, 455-56 (1982)).

¶8 Zamora contends the trial court erred in applying the law set forth in *Innis*. In that case, the U.S. Supreme Court explained that, should a defendant be subjected to custodial interrogation, he must be provided certain procedural safeguards — i.e. the *Miranda* warnings — to protect his Fifth and Fourteenth Amendment privilege against compulsory self-incrimination. *Innis*, 446 U.S. at 297. As in the present case, the defendant in *Innis* was undoubtedly in custody at the time he made incriminating statements, so the *Innis* court only addressed the definition of interrogation and whether the defendant was interrogated after he invoked his right to counsel. *Id.* at 298.

¶9 In defining interrogation, the Supreme Court held "that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." *Id.* at 300-01. Conduct other than express questioning is the "functional equivalent" of interrogation if it consists of "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301. The *Innis* court elaborated that this definition "focuses primarily upon the perceptions of the suspect, rather than the intent of the police." *Id.* However, "[t]his is not to say that the intent of the police is irrelevant," because any knowledge the police have concerning the susceptibilities of a particular defendant may be an important factor in determining whether the police should have known their conduct was reasonably likely to elicit an incriminating response. *Id.* at 301-02 & n.7.

¶10 Here, Zamora asserts the trial court placed too much emphasis on the objective intent of the police and how the abstract "reasonable person" would have reacted to Officer A.'s conduct. According to Zamora, the court should have more closely examined his subjective perceptions or susceptibilities and whether the police should have known of those susceptibilities.[3] Specifically, Zamora focuses on the

---

[3] The dissent in *Innis* effectively summarized the objective and subjective components of the majority's definition of interrogation as requiring "an objective inquiry into the likely effect of police conduct on a typical individual, taking into account any special susceptibility of the suspect to certain kinds of pressure of which the police know or have reason

fact that there was a Spanish-speaking officer on scene who could have easily provided Zamora with a Spanish-language *Miranda* advisement, as well as the fact that Officer A. was forcibly detaining Zamora as he held out the methamphetamine discovered in Zamora's pocket.

¶11 Zamora's argument misses the mark. We agree with the trial court in its objective analysis: Officer A.'s actions could not reasonably be interpreted as likely to elicit an incriminating response. Officer A. initiated a lawful search incident to arrest, at which time he discovered a substance he believed to be methamphetamine. As Officer A. assessed the substance behind Zamora's back, Zamora had to turn completely around to determine what Officer A. had discovered before he admitted the substance was his. Officer A.'s actions were those normally attendant to arrest and custody, and the record reflects Zamora's incriminating statement was spontaneous and unsolicited.

¶12 The trial court did not explicitly discuss Zamora's susceptibilities or other subjective factors, but his Spanish-language preference is irrelevant where, as here, Officer A. ceased communication upon learning of Zamora's Spanish-language preference. Where there was no interrogation, there was no duty to provide further *Miranda* advisement. Moreover, the record does not demonstrate Officer A. held the methamphetamine out to Zamora, or manipulated it in a way that would elicit a response from a reasonable person; rather, Officer A. held the evidence out, away from Zamora, for his own examination, and Zamora viewed it only by twisting his body around to see.

¶13 Although the trial court's summary of the *Innis* test was not perfect, the record reflects the law was, in fact, applied correctly. The court was clear in its finding the police had not acted in a way in which Zamora or any reasonable person would have believed they were being interrogated. Accordingly, we find no error.[4]

---

to know." *Innis*, 446 U.S. at 305 (Marshall, J., dissenting); *see also State v. Mauro*, 159 Ariz. 186, 191 (1988) (noting "[the *Innis*] standard clearly involves *two* prongs: the perceptions of the suspect *and* the intent of the police").

[4] Because the trial court acted within its discretion in denying Zamora's motion to suppress, "we need not address [Zamora]'s argument that, because his [statements at the scene of his arrest] violated *Miranda*, his

## CONCLUSION

¶14     Zamora's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[later] statements [made at the police station] should also have been suppressed based on *Missouri v. Seibert*, 542 U.S. 600 (2004), or *Oregon v. Elstad*, 470 U.S. 298 (1985)." *State v. Maciel*, 240 Ariz. 46, 52, ¶ 29 (2016).